**No. 54346.**—W. R. Zanes & Co. *v.* United States, protest 121987–K (Galveston).

EKWALL, Judge: It is claimed in this case that the entries involved were made under duress; that no notice of appraisement was issued and that, therefore, the liquidation is invalid. In an amendment to the protest it is further claimed that the matter should be remanded to a single judge for determination of dutiable value as provided in section 501, Tariff Act of 1930, as amended by section 16 (c) of the Customs Administrative Act of 1938.

The case has been submitted upon the following stipulation:

It is hereby stipulated and agreed that the entries covered by the above protest were entered under duress certificate in accordance with Section 503 (b) Tariff Act of 1930 and Section 8.17 Customs Regulations of 1943 and notice of appraisement was not issued in accordance with Section 17.6 (b) of Customs Regulations 1943 and the entries were liquidated at the appraised value which included the amount of the British Purchase Tax which was entered under duress certificate.

It is further stipulated and agreed that the Report of Collector on Protest dated December 3, 1945 and the copy of the letter of the Acting Commissioner of Customs dated September 13, 1945 forwarded by the Collector with the above protest may be incorporated in the record herein.

It is further stipulated and agreed that the issue is the same in all material respects as the issue in *W. X. Huber Co.* v. *United States,* C. D. 1093 and the record in said C. D. 1093 be incorporated herein and the protest submitted upon such record and this stipulation, and the right to further amendment and first docket call is hereby waived.

In the *Huber* case, cited in the stipulation, this court held that the failure of the collector of customs to send notice of appraisement under section 501, *supra,*

invalidated the appraisement and the liquidation based thereon. The court further held that in such a case remand to a single judge constituted the proper procedure.

In view of the stipulation above set forth and under authority of the decision therein cited we sustain plaintiff's claims and hold the appraisement and liquidation based thereon illegal. We further hold that the matter should be and it is hereby remanded to a single judge who shall proceed to determine the proper dutiable value of the merchandise according to law.

Judgment will be rendered accordingly.