(V. D. 3)[1]

## W. R. Zanes & Co. v. United States

[1]Valuation decision.

V. D. 1 and V. D. 2 are reported as *J. B. Roerig and Company* v. *United States* (29 Cust. Ct. 472, Reap. Dec. 8163) and *Pitman Publishing Corporation* v. *United States* (30 Cust. Ct. 525, Reap. Dec. 8205), respectively.

Entry Nos. 14–D and 158–D.

(Decided July 22, 1953)

*Brooks & Brooks* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: This matter is presently before me on a remand from a classification proceeding decided by the third division of this court in *W. R. Zanes & Co.* v. *United States*, 24 Cust. Ct. 468, Abstract 54346, "for determination of dutiable value under section 501, Tariff Act of 1930, as amended by section 16 (c) of the Customs Administrative Act of 1938 [28 U. S. C. § 2636 (d)]."

The subject merchandise in these proceedings consists of wool knit sweaters imported from Scotland. Entry was made under duress (section 503 (b) of the Tariff Act of 1930 (19 U. S. C. § 1503 (b))).

According to the certificate accompanying the entry papers herein, the involved merchandise was entered at values stated to be higher than the value as defined in section 402 (d) of said act (19 U. S. C. § 1402 (d)) and the goods were so entered because of advances by the appraiser in similar cases then pending before this court on appeal for a reappraisement. The cases enumerated in said duress certificate, namely, reappraisement 142112–A and reappraisement 142111–A, were decided by this court in favor of the plaintiff in *Wm. S. Pitcairn Corp.* v. *United States*, 12 Cust. Ct. 358, Reap. Dec. 5976 (affirmed *United States* v. *Wm. S. Pitcairn Corporation*, 14 Cust. Ct. 367, Reap. Dec. 6121, and *id.* v. *id.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334); and *Wm. S. Pitcairn Corp.* v. *United States*, 17 Cust. Ct. 328, Reap. Dec. 6395, respectively.

The matter now before the court was submitted for decision by the parties hereto upon a stipulation to the effect that the issues as to value herein are the same in all material respects as the issues decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record in said case may be incorporated herein. The parties also stipulated and agreed that the entered values of the merchandise involved in this case, less the additions made by the importer on entry because of advances by the appraiser in similar cases, are equal to the prices, at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets

of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise was no higher.

Upon the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), to be the proper basis for determining the value of the involved merchandise and that such values are the entered values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

In this proceeding, I am directed by the judgment of the third division and by statute (28 U. S. C. § 2636 (d)), to "determine the proper dutiable value of the merchandise." Accordingly, I find the proper dutiable value of the merchandise to be the entered values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.